(FACTOR *v.* UNITED STATES (No. 2987) [1]

United States Court of Customs Appeals, January 23, 1928

*Frank L. Lawrence* (*Richard Neville* and *Martin T. Baldwin* of counsel) for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*Philip Stein,* special attorney, of counsel), for the United States.

[Oral argument December 13, 1927, by Mr. Charles D. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

Merchandise described in the report of the appraiser as "pencils, being a shell of wood containing an unctuous material used by actors in their make-up," was assessed for duty by the collector at 75 per

[1] T. D. 42570.

centum ad valorem under paragraph 62 of the Tariff Act of 1922, which reads as follows:

PAR. 62. Perfumery, including cologne and other toilet waters, articles of perfumery, whether in sachets or otherwise, and all preparations used as applications to the hair, mouth, teeth, or skin, such as cosmetics, dentifrices, tooth soaps, pastes, theatrical grease paints, pomades, powders, and other toilet preparations, all the foregoing, if containing alcohol, 40 cents per pound and 75 per centum ad valorem; if not containing alcohol, 75 per centum ad valorem.

The merchandise is claimed by the importer to be dutiable as pencils at 45 cents per gross and 25 per centum ad valorem under paragraph 1451, which provides as follows:

PAR. 1451. Pencils of paper, wood, or other material not metal, filled with ead or other material, pencils of lead, crayons, including charcoal crayons or fusains, and mechanical pencils, not specially provided for, 45 cents per gross and 25 per centum ad valorem; pencil point protectors, and clips, whether separate or attached to pencils, 25 cents per gross; pencils stamped with names other than the manufacturers' or the manufacturers' trade name or trade-mark, 50 cents per gross and 25 per centum ad valorem; slate pencils, not in wood, 25 per centum ad valorem.

The case was submitted to the court below on the report of the appraiser and samples of the merchandise. No other evidence was introduced. The court overruled the protest and the importer appealed.

It is claimed by appellant that the articles before us are "pencils in fact, and are within the literal terms of the pencil paragraph"; that the term "pencils" in paragraph 1451 includes, under the *eo nomine* rule, "all forms of the articles, unless a contrary legislative intent appears"; that these pencils, being "used for the drawing of character lines in the make-up of actors' faces, does not exclude" them from the pencil paragraph; that they are not within the provisions of paragraph 62 because they are not *ejusdem generis* with the articles and materials provided for therein; and that, if they are within the terms of paragraph 62, they are, nevertheless, more aptly described in paragraph 1451 as pencils of wood.

The Government contends that the merchandise is a preparation used as an application to the skin, "such as cosmetics, * * * theatrical grease paints, pomades, powders, and other toilet preparations"; and that, as the articles or materials provided for in paragraph 62 are made dutiable thereunder by use, the articles in question are more specifically provided for under that paragraph than under the *eo nomine* provisions for pencils in paragraph 1451.

As suggested by counsel for appellant, these articles may be literally within the provisions of paragraph 1451 for "Pencils of paper, wood, or other material not metal, filled with lead or other material." The articles are in the form of pencils and are of wood, but they are filled with an "unctuous material *used* by actors in their make-up." (Italics not quoted.)

An unctuous material is one having the "characteristics of an unguent or salve"—an ointment for local application. See Funk & Wagnalls New Standard Dictionary.

It appears, therefore, from the record in the case, that these "pencils" are used exclusively as a cosmetic or a theatrical grease paint and applied to the skin.

We are not unmindful of the *eo nomine* rule, to which our attention has been called. It has been many times held, however, that the *eo nomine* rule can not prevail as against the doctrine of chief use, where it is made the test of classification. *United States* v. *Hillier's Son Co.*, 14 Ct. Cust. Appls. 216, T. D. 41706, and cases cited.

Whether the Congress intended that articles of this character and description should be covered by the provisions for "pencils" in paragraph 1451 need not here be determined, because, if it were so held, it would, nevertheless, be necessary for us to hold them more specifically provided for under paragraph 62 on account of the doctrine of chief use, which is made the test of their classification by the language of the paragraph.

The judgment is *affirmed*.