STATIONERY IMPORT & EXPORT CORP. *v.* UNITED STATES (No. 3910)[1]

United States Court of Customs and Patent Appeals; December 16, 1935

*Barnes, Richardson & Halstead (Samuel M. Richardson* of counsel) for appellant. *Joseph R. Jackson,* Assistant Attorney General (*Marcus Higginbotham, Jr.,* special attorney, of counsel), for the United States.

[Oral argument December 3, 1935, by Mr. Richardson and Mr. Jackson]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The appellant made two entries of merchandise at the port of New York under the Tariff Act of 1922. The merchandise in entry No. 922,787, Protest No. 439243–G, was described in the appraiser's answer to protest, as "colored and black lead pencils and point protectors." The merchandise in this entry was classified by the collector at 75 per centum ad valorem as non-alcoholic toilet preparations under paragraph 62 of said tariff act, and was claimed in the protest to be classifiable as pencils under paragraph 1451 of said act.

[1] T. D. 48081.

Said paragraphs 62 and 1451 are as follows:

PAR. 62. Perfumery, including cologne and other toilet waters, articles of perfumery, whether in sachets or otherwise, and all preparations used as applications to the hair, mouth, teeth, or skin, such as cosmetics, dentifrices, tooth soaps, pastes, theatrical grease paints, pomades, powders, and other toilet preparations, all the foregoing, if containing alcohol, 40 cents per pound and 75 per centum ad valorem; if not containing alcohol, 75 per centum ad valorem.

PAR. 1451. Pencils of paper, wood, or other material not metal, filled with lead or other material, pencils of lead, crayons, including charcoal crayons or fusains, and mechanical pencils, not specially provided for, 45 cents per gross and 25 per centum ad valorem; pencil point protectors, and clips, whether separate or attached to pencils, 25 cents per gross; pencils stamped with names other than the manufacturers' or the manufacturers' trade name or trade-mark, 50 cents per gross and 25 per centum ad valorem; slate pencils, not in wood, 25 per centum ad valorem.

In entry No. WHB. 20421, Protest No. 447,904–G, the appraiser's answer to protest describes the goods as "make-up pencils, a preparation used as an application to the skin." This merchandise was also classified by the collector under said paragraph 62, and the protest claim as to the pencils was the same as in the case of the other entry, with an additional claim that the protectors were separately dutiable at 25 cents per gross under said paragraph 1451.

On appeal to the Customs Court, it was held that the claim of the importer for separate classification of the pencil point protectors should be sustained, and in this respect the judgment was for the protestant. The claims of the importer as to pencils were overruled, the court basing its decision largely on the judgment of this court in *Factor* v. *United States,* 15 Ct. Cust. Appls. 401, T. D. 42570.

The matter now comes to us on appeal of the importer, as to the classification of the pencils. There is no appeal as to the pencil point protectors, and, hence, their classification is not before us.

The record shows that the goods imported in these two entries consist of wooden pencils, which are filled with an unctuous material which is chiefly used for painting or coloring the eyebrows. It is admitted by the importer that from 90 to 95 per centum of these pencils are used for no other purpose. It is said that the pencils so used color the hair of the eyebrows, and, to some extent, the skin underneath, and have the effect of apparently enlarging the eyebrows and giving them a more distinct appearance, and giving to the hairs the semblance of being longer than they really are. In other words, their use is for attempted improvement of the appearance, and, as so used, they are toilet accessories. The unctuous material forms a lead of considerable width in comparison with its covering of cedar wood, and the pencils thus used are of two colors, black and brown. It is shown that when the pencils are originally made they are 7 inches in length, and in this form are sometimes imported and used for marking glass and metal, and with an occa-

sional or fugitive use in hospitals for marking portions of the human body. The ones which are imported for toilet use are about 3½ inches in length, fitted with a base cap and point protector, and are thus sold. It is stipulated that the merchandise is the same in the two entries, with the exception of the pencil point protectors. It is also shown by the record that the wooden case of the pencil is the component material in chief value thereof. It is also stated by counsel for appellant, in their brief, that the merchandise involved in this case is "practically identical" with the merchandise which was before this court in *Factor* v. *United States, supra.*

In *Factor* v. *United States, supra,* the claim was made by the importer that the imported merchandise was dutiable under said paragraph 1451, under the *eo nomine* rule, because it was claimed the pencils were not *ejusdem generis* with the articles and materials provided for in said paragraph 62. This court there held that the imported goods were used as an application to the skin "such as cosmetics, * * * theatrical grease paints, pomades, powders, and other toilet preparations," and that said paragraph 62, being a designation by use, was more specific as applied to said goods than was the *eo nomine* designation of "Pencils of paper, wood, or other material not metal, filled with lead or other material."

Here it is strenuously insisted that in order to come within the purview of paragraph 62, the article or merchandise must be such as is wholly used for a cosmetic purpose, and that inasmuch as a large part of the importation here is wood, and because the wood cannot be used for a cosmetic purpose, the article, as an entirety, cannot be so classifiable.

We cannot agree with this latter claim. The pencil casing in this case, although it is of chief value, does not control the classification of the articles, and is merely a convenient container for the cosmetic, in much the same way as a container for lipstick, rouge, or other cosmetics would be. Certainly it would not be contended, in such cases, that because the container was not used for actual application to the face in making the toilet, the articles, if imported together, would not constitute a cosmetic. There might be statutory provisions which in some cases would call for a separate classification of container and the material which was contained therein. Our attention, however, has been directed to no such statutory provision as applicable to the goods at bar.

It is claimed that by the method of classification adopted in the case of the goods at bar, the imported pencils are classified at 75 per centum, while the leads, if imported separately, would be classifiable under paragraph 1452 as "Pencil leads not in wood or other material," at 40 per centum ad valorem. To substantiate this, William V. Bunting, examiner at the port of New York, testified that he had

passed such leads under the Tariff Act of 1922, under said paragraph 1452, at 40 per centum ad valorem. This, it is claimed, leads to the conclusion that the pencils should not be dutiable at a higher rate than the leads, and argues for a classification of the pencils under said paragraph 1451. We cannot agree with this contention. The practice of an examiner at one port cannot control the interpretation of the law. The examiner may have been in error in his recommendations, or he may have concluded that the leads, not being fitted for their ultimate use, could not properly be held dutiable under said paragraph 62 as toilet preparations.

This case, in our opinion, is directly controlled by the *Factor* case, *supra*. No new question seems to be involved, and the decision, therefore, should be the same as in said *Factor* case.

It, therefore, follows that the judgment of the United States Customs Court should be and it is *affirmed*.