## HENRY PELS & CO. *v.* UNITED STATES (No. 4190) [1]

United States Court of Customs and Patent Appeals, April 10, 1939

*Allan R. Brown (Eugene F. Blauvelt* of counsel) for appellant.

*Webster J. Oliver,* Assistant Attorney General (*William J. Vitale,* special attorney, of counsel), for the United States.

[Oral argument February 9, 1939, by Mr. Blauvelt and Mr. Oliver]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

GARRETT, Presiding Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court overruling the protest of the importer whereby suit was brought

---

[1] C. A. D. 51

1

against the United States to recover certain duties assessed and collected upon merchandise, imported in 1935, consisting of knives or blades shown to be designed for use in shearing rolled metal shapes.

From the decision of the trial court we quote the following descriptive matter:

At the hearing counsel for the plaintiffs limited said claims to the articles invoiced as—

2 lower knives for the shears, Tab. 605
2 upper knives for the shears, Tab. 328
3 lower stationary knives, No. 2, No. h. v. 2476
1 stationary knife for rounds, squares, angles, and tees, No. 4, No. h. v. 2487
3 movable corner knives, No. 8, No. h. v. 2485.

Exhibit 1 herein represents the two lower knives for the shears Tab. 605, and Exhibit 2 the two upper knives for the shears Tab. 328. Illustrative Exhibit A depicts the machine in which Exhibits 1 and 2 are used, and Collective Illustrative Exhibit B consists of three pieces of metal cut by said machine.

The collector classified the merchandise under paragraph 372 of the Tariff Act of 1930, the pertinent portion of which reads:

PAR. 372. * * * punches, shears, and bar cutters, intended for use in fabricating structural or other rolled iron or steel shapes, 40 per centum ad valorem; * * * *Provided*, That parts, not specially provided for, wholly or in chief value of metal or porcelain, of any of the foregoing, shall be dutiable at the same rate of duty as the articles of which they are parts * * *.

Importer's claim is under the last clause of paragraph 356 of the act. The full paragraph reads:

PAR. 356. Planing-machine knives, tannery and leather knives, tobacco knives, paper and pulp mill knives, roll bars, bed plates, and all other stock-treating parts for pulp and paper machinery, shear blades, circular cloth cutters, circular cork cutters, circular cigarette cutters, meat-slicing cutters, and all other cutting knives and blades used in power or hand machines, 20 per centum ad valorem.

After summarizing the evidence in the case, which consisted of the testimony of the service engineer of importer and certain exhibits, the trial court made the following findings:

1. That the articles invoiced as "2 lower knives for the shears, Tab. 605" and "2 upper knives for the shears, Tab. 328" are repair or spare parts of a machine operated by hand power.
2. That said machine is used to shear rolled iron or steel shapes.
3. That the articles invoiced as "3 lower stationary knives No. 2, No. h. v. 2476", "1 stationary knife for rounds, squares, angles, and tees, No. 4, No. h. v. 2487", and "3 movable corner knives No. 8, No. h. v. 2485", are repair of spare parts of a machine operated by other than hand power, used to shear rounds, squares, angles, and tees.

Under such findings the collector's classification was sustained, the court holding, in effect, the articles to be parts of shears intended for use in fabricating structural or other rolled iron or steel shapes.

Upon the record we think there can be no question but that the articles fall strictly within the statutory definition laid down in paragraph 372, *supra*. They are parts for shears definitely shown to be

intended for the use which the paragraph names. We do not understand counsel for appellant to contest this, but it is argued, in effect, that the language of paragraph 356, *supra*, "shear blades * * * and all other cutting knives and blades used in power or hand machines" is more specific in relation to the articles than the language of paragraph 372, *supra*; that it is immaterial whether they be considered as "parts," because the language of paragraph 372, *supra*, relating to "parts" applies only to parts "not specially provided for," and that these articles are specially provided for *eo nomine* in paragraph 356, *supra*, which contains no "not specially provided for" provision.

It may be conceded that the language of paragraph 356, *supra*, which has been quoted, is broad enough to include the articles, since they are shear blades, some used in power and some in hand machines, but we are unable to agree with appellant's reasoning that the language applies more specifically to them than that of paragraph 372, *supra*. Appellant's contention fails to take into account the fact that the articles are designed and intended for a particular use which is the very use defined in the paragraph 372, *supra*.

It may be noted, as is stated by the trial court, that the clause "punches, shears, and bar cutters, intended for use in fabricating structural or other rolled iron or steel shapes" is new in the Tariff Act of 1930.

Appellant has cited as here controlling the decision of this court in the case of *United States* v. *Edw. Jefferson, Inc.*, 19 C. C. P. A. (Customs) 159, T. D. 45275. That case arose under the Tariff Act of 1922. The merchandise involved consisted of ledger blades designed for use in pile-shearing machines. The collector classified them as parts of textile machinery, under paragraph 372 of the act, which contained no provision specific to such ledger blades. We held them classifiable under the *eo nomine* provision for shear blades in paragraph 356 of that act, which was the prototype of paragraph 356 of the 1930 act, *supra*.

The distinction between that case and the instant case is obvious. Had the 1922 act contained a specific provision for ledger blades designed for use in pile-shearing machines similar to that in the 1930 act for punches, shears, and bar cutters, intended for use in fabricating structural or other rolled iron or steel shapes, our conclusion there would doubtless have been different, and if the 1930 act did not contain the specific clause recited, our conclusion might be different here.

Appellant cites also the case of *Norma Co. of America* v. *United States*, 6 Ct. Cust. Appls. 89, T. D. 35338, where this court passing upon a case arising under the 1909 tariff act held that the term "machine tools," used in paragraph 197 of the act, included the machine proper and one set of such alternate parts thereof as were necessary for the proper performance of the machine but did not

include duplicate, extra, or spare parts designed for use upon machines not covered by the importation.

We do not regard that case as being apposite here. The paragraph there at issue contained no provision for parts of machine tools. Here we have, in paragraph 372, *supra*, an express provision which definitely defines the articles by the use for which intended.

It has been frequently held that where the doctrine of chief use is made the test of classification, it will prevail over an *eo nomine* provision, the effort being always to arrive at the legislative intent. *Factor* v. *United States*, 15 Ct. Cust. Appls. 401, T. D. 42570.

It is believed that in the instant case the legislative intent that merchandise of the kind at bar should be classified as this was classified by the collector was made entirely clear by the language used in paragraph 372, *supra*.

The judgment of the United States Customs Court is *affirmed*.