NORMA COMPANY OF AMERICA *v.* UNITED STATES (No. 1458).[1]

MACHINE TOOLS AND EXTRA PARTS.

Machine tools in paragraph 197, tariff act of 1909, include the machine proper and one set of such alternate parts thereof as are necessary for the proper performance of the several functions of the machine, but does not include duplicate, extra, or spare parts, or parts designed for use upon machines not covered by the importations, or any that are hand tools or appliances.

United States Court of Customs Appeals, April 14, 1915.

APPEAL from Board of United States General Appraisers, Abstract 36213 (T. D. 34677).

[Modified.]

*Brooks & Brooks* for appellants.

*Bert Hanson,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, of counsel), for the United States.

---

[1] Reported in T. D. 35338 (28 Treas. Dec., 672).

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

Paragraph 197 of the tariff act of August 5, 1909, reads as follows:

197. Cash registers, jute manufacturing machinery, linotype, and all typesetting machines, machine tools, printing presses, sewing machines, typewriters, and all steam engines, thirty per centum ad valorem; * * *.

While this statute was in force certain metal-working machines were imported upon which duty was assessed under paragraph 199 of the same act as manufactures of metal. Upon hearing the protests, which claimed classification under paragraph 197 as machine tools, the Board of General Appraisers found that these machines were dutiable as claimed by the importer. Its decision then proceeds as follows:

This decision only affects the machines proper. All extra parts thereof, tools. etc., are additional and are therefore properly dutiable as assessed as manufactures of metal, and the protests, in so far as they purport to cover this latter class of merchandise, are hereby overruled.

No appeal was taken by the Government from the decision of the board, but the importer appeals from so much of the board's decision as is embodied in the above quoted paragraph thereof, claiming that thereunder certain articles are held dutiable under paragraph 199 as manufactures of metal, which, as a matter of law, are dutiable under paragraph 197 as constituent parts of machine tools.

It is said in the opinion of the board that these machine tools are used for grinding parts of ball bearings.

The merchandise covered by two protests is involved here. In one the testimony of record refers to eight grinding spindles and eight grinding-spindle extensions, each employing a cutting tool; four spring collars or chucks for holding the material in position when operated upon by the machines and concerning which the one witness who testified stated they were not reserve or spare parts but were necessary to the operation of the machine upon which they were designed to be used.

The testimony under the other protest relates to one magnetic feed or chuck, a dust-absorbing tube, a flexible metallic tubing, an internal grinder, a grinding chuck, three grinding spindles, one grinding-spindle extension, three belts, an outside radius grinding machine with counter shaft and necessary arrangements, a turning device, an attachment for the machine, and six or seven belts; also another dust-absorbing tube with flexible metallic tube or piping, a magnetic chuck, another interior grinder with chuck, three grinding spindles, one grinding-spindle extension, three belts, with reference to all of which the witness said they belonged to particular machines; also seven spring chucks which the witness said were for use on four different types of machines.

The question here is whether any or all of these various articles are essential parts of the machine tools and entitled to be so treated for tariff purposes.

The importer concedes that reserve or spare parts, if any, are not entitled to the lower rate of paragraph 197, but are dutiable under paragraph 199.

The Government claims that alternate attachments for doing alternate kinds of work are not necessary to make a complete machine tool, citing the opinion of the board in T. D. 34424, where the board so held. In its opinion in that case the board said:

A machine tool, as we understand the term, is a complete working mechanism, which, when operated by other than hand power, is capable of cutting metal with the aid of a cutting tool. Without the cutting tool the power-driven, metal-working mechanism here in controversy would, nevertheless, be a complete machine; with the addition of such tool it forthwith becomes a machine tool. Congress clearly intended that the provision for machine tools should cover just that particular merchandise and nothing more.

It also said in that case:

We can not take seriously the contention of the importers that, in order that their combined shearing, cutting, and punching machine may be utilized to the full extent of its capabilities as a power-driven, metal-working mechanism, it must necessarily be accompanied by its full complement of gauges, reserve blades, coping, and other adjustable fixtures, and that only when it is so equipped can it be said to be a complete machine; that such attachments constitute essential parts of such machine and with it should be classified for duty as a machine tool.

It will be noticed that paragraph 197 contains no provision for parts of machine tools; hence thereunder the pertinent question here is what are the constituent parts of the machine tools in this case.

We think, speaking generally, the true interpretation of the paragraph is that any detachable or adjustable parts of a machine tool which are indispensable to enable it to perform the manifold operations for which it is designed, if imported therewith, not including reserve, duplicate, extra, or spare parts or purely hand tools or appliances, and not including belts designed to connect the tool with the motive power, are properly parts of a machine tool. To illustrate, one importing a machine tool designed to drill metal with drills of varying sizes would be entitled to import therewith as a constituent part thereof one set of the detachable, adjustable parts necessary and required to enable it to drill all the different sized holes for which it was designed, because otherwise it could perform only a part of its functions, while its availability, desirability, and practical use and value might depend upon its ability to drill holes of different sizes.

This conclusion is not contrary to the cases in the Supreme Court relied upon by the Government, because no such issue was there considered or decided.

But we do not know, by reason of the confused state of the record here, what of the imported articles we have already mentioned, if

any, the board intended should be considered as essential parts of the machine tools. Such of these articles as are not hand tools or appliances and are not duplicate, reserve, or spare parts, but are necessary to enable these machines as imported to perform the various operations for which they are adapted and designed and which are not for use upon other machines, we think should be considered as being constituents of the machine tools admitted to classification by the board under paragraph 197.

In view, however, of the fact that the board limits its order sustaining the protests to "the machines proper," and in view of what it said in the cited opinion, we conclude the decision below excluded all such parts from entry under paragraph 197, while some of them would seem to be entitled to classification thereunder as constituent parts of the machines. So assuming, we think the board erred.

So much of its decision as overruled the protests, so far as relates to the articles which we think are constituent parts of the machine tools, as above outlined, is therefore reversed and the case remanded with direction that reliquidation be had by treating as a machine tool the machine proper and one set of such alternate parts thereof as are necessary to enable it to perform its manifold functions, if such parts were imported therewith. As to such of the imported articles, if any, as are duplicate, extra, or spare parts, or parts designed for use upon machines not covered by these importations, or are hand tools or appliances, the judgment of the Board of General Appraisers is affirmed.

*Modified.*