GEORGE SCHERR CO., INC. *v.* UNITED STATES (No. 4691)[1]

United States Court of Customs and Patent Appeals, May 28, 1952

*John D. Rode* for appellant.

*Charles J. Wagner*, Acting Assistant Attorney General (*Joseph F. Donohue* and *Alfred A. Taylor, Jr.*, special attorneys, of counsel), for the United States.

[Oral argument April 9, 1952, by Mr. Rode and Mr. Donohue]

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, and WORLEY, Associate Judges

O'CONNELL, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs

---

[1] C. A. D. 489.

Court, Second Division, entered pursuant to its decision, C. D. 1330, which overruled the protest of the importer.

The imported merchandise, which was designated on the commercial invoice as "Speed Indicators Jacquet" and "60 Sets of accessory tips for above," was regarded by the Collector of Customs at the port of New York as entireties and was accordingly classified by him as instruments for measuring speed within the purview of paragraph 368 (a) (1) (2) of the Tariff Act of 1930 and assessed with duty at the rate of $4.50 each plus 65 per centum ad valorem.

The pertinent parts of the paragraphs of the Act of 1930 here in issue read as follows:

Par. 368 (a) * * * any mechanism, device or instrument intended or suitable for measuring * * * speed * * *:

(1) * * * valued at more than $5 but not more than $10 each, $3 each; valued at more than $10 each, $4.50 each;

(2) any of the foregoing shall be subject to an additional duty of 65 per centum ad valorem;

* * * * * * *

(c) * * * (6) all other parts (except jewels), 65 per centum ad valorem.

Par. 397. Articles or wares not specially provided for, * * * if composed wholly or in chief value of iron, steel, * * * or other metal, * * * whether partly or wholly manufactured, 45 per centum ad valorem.

The importer claimed that the indicators and the imported accessory tips were not entireties and were therefore separately dutiable; that the speed indicators valued at more than $5, but not more than $10 each, were dutiable at $3 each plus 65 per centum ad valorem, as defined in the respective provisions of all but the last item (c) (6) of paragraph 368 hereinbefore quoted, and that the accessory tips were properly dutiable at 45 per centum ad valorem as provided for in paragraph 397, supra, as articles or wares not specially provided for; or at 65 per centum ad valorem as "all other parts" under the provisions of paragraph 368 (c) (6), supra.

The evidence submitted definitely establishes that the involved accessory tips are not merely surplus or extraneous parts which have an occasional, casual, or optional use, but are detachable or adjustable constituent parts of the respective speed indicators which are indispensable to the performance of the manifold operations for which the imported indicators were designed. Under such circumstances, and as correctly pointed out in the decision of the Customs Court, the imported indicators and accessory sets of tips therefor must be regarded as entireties and dutiable as such under the principle of law stated to the following effect in the case of *Norma Company of America* v. *United States*, 6 Ct. Cust. Appls. 89, 91, T. D. 35338:

We think, speaking generally, the true interpretation of the paragraph is that any detachable or adjustable parts of a machine tool which are indispensable to

enable it to perform the manifold operations for which it is designed, if imported therewith, not including reserve, duplicate, extra, or spare parts or purely hand tools or appliances, and not including belts designed to connect the tool with the motive power, are properly parts of a machine tool. * * *

For the reasons hereinbefore stated, the judgment of the United States Customs Court is *affirmed*.