## (C. D. 1808)

### CHARLES GARCIA & CO., INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided September 27, 1956)

*Strauss & Hedges* (*Barnes. Richardson & Colburn* by *Edward N. Glad* of counsel); *Siegel, Mandell & Davidson* (*Joshua M. Davidson* of counsel), associate counsel; for the plaintiff.

*George Cochran Doub,* Assistant Attorney General (*Mollie Strum,* trial attorney), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

MOLLISON, Judge: The merchandise the subject of this protest consists of what are known as spinning reels, used by sport fishermen. As imported, the part which may be termed the "mechanism" (exhibit 1–A), consisting of a frame, crank, gears, and a mandrel or spindle, was packaged with two arbors or spools, one having a wide center core (exhibit 1–B), and the other a narrow center core (exhibit 1–C). One spool at a time fits on the spindle of the mechanism, and the spools are easily interchanged. Also, as imported, one of the arbors or spools was inserted in the mechanism, and the other was contained in a plastic box, all within a cardboard box, which is the package offered to the public.

In classifying the merchandise and liquidating the entry, the collector treated the mechanism and the arbor contained thereon as one tariff entity, assessing duty thereon at the rate of $1.50 each under the provision in paragraph 1535 of the Tariff Act of 1930, as

modified by the Presidential proclamation relating to the General Agreement on Tariffs and Trade, T. D. 51802, for—

Fishing reels, finished or unfinished, not specially provided for * * *.

The second spool in the plastic container was assessed with duty at the rate of 40 per centum ad valorem under the provision in said paragraph 1535, as so modified, for—

Parts of fishing rods and reels, finished or unfinished, not specially provided for * * *.

The protest in this case is directed against the assessment of duty on the extra spool, being as follows:

We claim that the extra spools and fishing reels are entireties; that each entirety, consisting of a fishing reel, a spool, and extra spool, is dutiable at $1.50 per each entirety; and that the extra spools are not subject to any other duty than said duty of $1.50 per each entirety.

The theory of the plaintiff's case is that the imported merchandise consists of a dual-purpose spinning reel, usable for either salt- or fresh-water fishing, or for bait fishing or fly casting, and requiring two spools cored to take the respective types and weights of lines in order to secure the advantage of its full versatility.

The defendant's position is that, inasmuch as a fishing reel with one spool will function as a fishing reel, it is a tariff entirety with one spool.

Apparently, the reel in issue is dubbed a "dual-purpose" reel for the reason that it is of such size and construction that it will accommodate interchangeable spools having a range of capacities of weight of lines which will permit it to be used in more than one type of sport fishing. It is, of course, not suggested that one reel will handle all weights of line, but it is indicated that the imported reel mechanisms when fitted with the proper spool will handle lines from light to medium weight.

It seems to be quite clear, however, that, except for very heavy or very light spinning reels, which are by their very nature each used for only one type of fishing, all spinning reels of the size of the imported reels may be used for more than one purpose and that there is nothing particularly or peculiarly characteristic of the imported reel which sets it apart from other spinning reels with respect to susceptibility of use for more than one type of fishing.

The record shows, also, that the majority of such reels are sold as a complete commercial entity with only one spool, and that purchasers may, and often do, purchase additional spools, some of identical capacity, so as to have a spare, and some of different capacity from that furnished with the mechanism, so as to secure the benefit of being able to use the reel for more than one type of fishing.

We are of the opinion that, on the record facts, the extra spool furnished with the reels at bar is not part of a commercial and tariff entity known as a fishing reel. As stated above, a spinning reel, as generally known in the trade and commerce of this country which deals in such articles, is a complete commercial entity with only one spool. Tariff nomenclature is based upon the meanings that such terms have in the trade and commerce of the United States, and, consequently, the tariff classification for "fishing reels" contemplates reels with one spool.

In a recent case, *Donalds Ltd., Inc.* v. *United States*, 32 Cust. Ct. 310, C. D. 1619, this division of the court had occasion to consider the doctrine of entireties, and, among other things, said:

The doctrine of entireties in customs jurisprudence is a rule of classification and rests upon the proposition that the classification of imported articles for duty purposes is determined by their condition at the time of importation. *United States* v. *Schoverling, Daly & Gales*, 146 U. S. 76, 36 Law. ed. 893. The duties and exemptions from duty prescribed in the dutiable and free lists of the tariff act in connection with "articles * * * imported" [Title I, section 1, and Title II, section 201, Tariff Act of 1930] are so prescribed with respect to the actual, commercial nature of the articles involved, the tariff act being written in the language of commerce.

\* \* \* \* \* \* \*

The rule, therefore, requires that in determining the proper classification applicable to imported articles, the actual nature of the article of commerce, or commercial entity, involved must be taken as the determinant.

To be classifiable under a given tariff term, an imported article, such as an entirety, must respond to the meaning which that term bears in the trade and commerce of the United States. Viewed in such light, the imported article here involved is more than a fishing reel; it is a fishing reel with an extra spool. It does not make any difference that the extra spool has a different capacity from the one furnished with the mechanism and that it extends the use of the reel. Such facts make it an *accessory* part rather than an *integral* part of the commercial entity known as a fishing reel.

Because of the different situations which are encountered involving the scope of individual tariff terms, meanings of particular words, evidences of legislative intent, and the existence of administrative practice and prior judicial decisions, analogies are not only difficult to find in the field of entireties, but are of uncertain reliance in view of the variances which may be encountered in the factors mentioned.

Thus, counsel for the plaintiff relies upon the case of *Norma Company of America* v. *United States*, 6 Ct. Cust. Appls. 89, T. D. 35338, wherein machine tools, so made that with alternate parts they would perform several different functions, were held to be entireties with

one set of alternate parts and classifiable under the provision for machine tools in paragraph 197 of the Tariff Act of 1909.

Counsel draws an analogy between the alternate use of the spools herein with the reel mechanism, and the alternate use of the parts with the machine proper in that case. It is noted, however, that, during the course of the opinion, that court observed that paragraph 197 contained no provision for parts of machine tools. In a subsequent case, *Henry Pels & Co. v. United States*, 27 C. C. P. A. (Customs) 1, C. A. D. 51, our appellate court indicated that the *Norma Company* case was no longer an authority on the subject of alternate parts for such machine tools, in view of the inclusion in paragraph 372 of the present act of a provision for parts of machine tools. This evidence of legislative intent, it was indicated, made the *Norma Company* decision inapposite in such situations.

While it is to be noted that the present act does contain a provision for parts of fishing reels, thus possibly indicating a legislative consideration of such parts as separate tariff entities from complete reels, we feel that the decision in this case may well rest upon the principle underlying the rule of entireties, hereinbefore stated, and its application to the term "fishing reels," under which the extra spools enclosed in the import and sale packages are not entireties with the reel mechanisms and spools also contained therein.

Judgment will, therefore, issue overruling the protest claim accordingly.