CHARLES GARCIA & Co., INC. *v.* UNITED STATES (No. 4906) [1]

United States Court of Customs and Patent Appeals, June 25, 1957 [2]

*Barnes, Richardson & Colburn, Siegel, Mandell & Davidson* (*Edward N. Glad, Joshua M. Davidson,* and *Joseph Schwartz* of counsel) for appellant.

*George Cochran Doub,* Assistant Attorney General, *Richard E. FitzGibbon,* Chief, Customs Section (*Richard H. Welsh* and *Murray Sklaroff,* trial attorneys, of counsel), for the United States.

[Oral argument April 3, 1957, by Mr. Davidson and Mr. Welsh]

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, RICH, and JACKSON (retired), Associate Judges

WORLEY, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, First Division, C. D. 1808, overruling the importer's protest and sustaining the collector's classification. The nature of the merchandise, and its classification, are concisely set forth in the decision of the Customs Court as follows:

The merchandise the subject of this protest consists of what are known as spinning reels, used by sport fishermen. As imported, the part which may be termed the "mechanism" (exhibit 1–A), consisting of a frame, crank, gears, and

[1] C. A. D. 663.
[2] Released October 19, 1957.

a mandrel or spindle, was packaged with two arbors or spools, one having a wide center core (exhibit 1–B), and the other a narrow center core (exhibit 1–C). One spool at a time fits on the spindle of the mechanism and the spools are easily interchanged. Also, as imported, one of the arbors or spools was inserted in the mechanism, and the other was contained in a plastic box, all within a cardboard box, which is the package offered to the public.

In classifying the merchandise and liquidating the entry, the collector treated the mechanism and the arbor contained thereon as one tariff entity, assessing duty thereon at the rate of $1.50 each under the provision in paragraph 1535 of the Tariff Act of 1930, as modified by the Presidential proclamation relating to the General Agreement on Tariffs and Trade, T. D. 51802, for—

> Fishing reels, finished or unfinished, not specially provided for * * *

The second spool in the plastic container was assessed with duty at the rate of 40 per centum ad valorem under the provision in said paragraph 1535, as so modified, for—

> Parts of fishing rods and reels, finished or unfinished, not specially provided for * * *

The court, in affirming the collector's classification, found that the extra spools were "accessory" rather than "integral" parts, and could not properly be included with the frames, cranks, gears, and spindles as entireties. It is not disputed, however, that such spools are parts of fishing reels within the meaning of paragraph 1535, as modified, *supra*. The issue is whether the two spools and single reel are dutiable as an entirety.

In support of its contentions before the Customs Court, the importer attempted to draw analogies between the instant merchandise and that involved in other cases it cites. In disposing of those contentions, the court observed that

> Because of the different situations which are encountered involving the scope of individual tariff terms, meanings of particular words, evidences of legislative intent, and the existence of administrative practice and prior judicial decisions, analogies are not only difficult to find in the field of entireties, but are of uncertain reliance in view of the variances which may be encountered in the factors mentioned.

While some of the testimony consists of opinions rather than statements of fact, and is in some respects inconsistent, we think it is ample to support the conclusion of the Customs Court that the extra spools enclosed in the import and sale packages are not entireties with the reel mechanisms and spools also contained therein.

The testimony is to the effect that the two spools are used alternatively, according to the type of fishing to be done, so that anyone who intended to do only those types of fishing for which one spool was suited would have no need for the other, and that it is possible, by a process known as "dummying up," to adapt a single spool to all types of fishing, although such a process is considerably less convenient than carrying an extra spool. It further appears from the testimony that most spinning reels are sold as commercial entireties with only one spool and that an order for a spinning reel, without qualifications,

would normally be filled by supplying a reel with only one spool. It therefore clearly appears that the second spool is not indispensable to the use of the reel.

The facts of the instant case are clearly distinguishable from those of *Norma Company of America* v. *United States*, 6 Ct. Cust. Appls. 89, T. D. 35338, and *George Scherr Co., Inc.* v. *United States*, 40 C. C. P. A. (Customs) 6, C. A. D. 489, which are the authorities principally relied on by appellant here as below. The *Norma* case involved metal working machines, each of which was imported with a number of grinding spindles and grinding spindle extensions adapted to be used alternatively in accordance with the particular type of work being done by the machines. It was held that each machine and "one set of such alternate parts thereof as are necessary to enable it to perform its manifold functions" were dutiable as an entirety, but that such articles as were "duplicate, extra, or spare parts" were separately dutiable.

The *Scherr* case involved speed indicators and accessory tips which were designed to be fitted alternatively on the indicators to adapt them for use in measuring the speeds of shafts of various types. In holding that the indicators and tips were properly classified as entireties, the court said:

> The *evidence* submitted *definitely establishes* that the *involved accessory tips* are not merely surplus or extraneous parts which have an occasional, casual, or optional use, but are detachable or adjustable constituent parts of the respective speed indicators which *are indispensable* to the performance of the manifold operations for which the imported indicators were designed. (Italics ours.)

Such a situation is clearly different from the instant one, where the evidence establishes that the extra spools are not indispensable to the principal use of the reels.

Since we are of the opinion the *Norma* case is distinguishable from the instant one, it is unnecessary to consider the extent to which the decision may have been modified by the subsequent decision of *Henry Pels & Co.* v. *United States*, 27 C. C. P. A. (Customs) 1, C. A. D. 51, referred to by the Customs Court.

Appellant also relies on the following statement in *Altman & Co.* v. *United States*, 13 Ct. Cust. Appls. 315, T. D. 41232:

> A consideration of these pronouncements of the courts leads to the conclusion that if an importer brings into the country, at the same time, certain parts, which are designed to form, when joined or attached together, a complete article of commerce, and when it is further shown that the importer intends to so use them, these parts will be considered for tariff purposes as entireties, even though they may be unattached or included in separate packages, and even though said parts might have a commercial value and be salable separately.

It is to be noted, however, that the quoted matter refers to parts "which are designed to form, when joined or attached together, a complete article of commerce." The extra spool involved in the

instant case is never joined or attached in any way to the other spool and, accordingly, the two spools do not constitute parts of an entirety within the purview of the *Altman* decision.

The decision of the United States Customs Court is *affirmed*.

JACKSON, J., Retired, recalled to participate herein in place of COLE, J., absent because of illness.