(C. D. 2014)

HENSEL, BRUCKMANN & LORBACHER, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided July 8, 1958)

*John D. Rode* for the plaintiff.

*George Cochran Doub,* Assistant Attorney General (*Henry J. O'Neill* and *Sheila N. Schwartz* trial attorneys), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: The question presented here is whether certain so-called safety measuring chains imported for use with what are known as Minox cameras should be classified with the cameras as entireties in paragraph 1551 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 1551), as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T. D. 52739, supplemented by Presidential notification, 86 Treas. Dec. 337, T. D. 52820, and subjected to duty at the rate of 15 per centum ad valorem, or as parts of cameras, dutiable at the rate of 20 per centum ad valorem in paragraph 1551 of the basic act.

The collector of customs classified the chains as articles, not specially provided for, composed of metal, and imposed duty thereon at the rate of 22½ per centum ad valorem, in paragraph 397 of said act (19 U. S. C. § 1001, par. 397), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802. The cameras, which are provided for by name in paragraph 1551, were so classified and subjected to duty at the rate of 15 per centum ad valorem. The issue presented here, however, relates solely to the dutiable classification of the chains.

The pertinent text of the competing provisions of the statute reads as follows:

Paragraph 397, as modified, *supra*:

Articles or wares not specially provided for, whether partly or wholly manufactured:

 \* \* \* \* \* \* \*

 Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal \* \* \*:

 \* \* \* \* \* \* \*

 Other (except slide fasteners and parts thereof)_ _ _ _ 22½% ad val.

Paragraph 1551, as modified, *supra*:

Photographic cameras not specially provided for, valued at $10 or more each (except motion-picture cameras and fixed-focus cameras) _____ 15% ad val.

Paragraph 1551 of the Tariff Act of 1930:

PAR. 1551. Photographic cameras and parts thereof, not specially provided for, 20 per centum ad valorem: * * *.

Samples of the imported chain and camera were received in evidence and marked exhibits 1 and 2, respectively.

Don O. Thayer, the only witness in the case, testified on behalf of the plaintiff substantially as follows: He is president of Don O. Thayer, Inc., the actual importer herein; imports and distributes the Minox camera throughout the United States, and has been in this kind of business for 10 years.

Exhibit 1 is a chain which can be used only with the Minox camera. A like number of chains and cameras were involved in the present importation, the chains being attached to the cameras. It is necessary to have the chain, because one of the important features of the camera is to take closeup pictures and, in order to secure accuracy, it is important to know how far away the lens is from the subject being photographed. As there is no rangefinder in the camera, the chains have beads to represent distances in inches—8, 10, and 12 inches, also 1½ and 2 feet. Markings on a focusing dial on the camera indicate distance. The camera also has a scale which gives the depth of vision at various ranges.

If the chain is removed from exhibit 2, there is a hole in the bottom which is closed by a plug. However, it has a tendency to stay open to a degree and let light in, thereby fogging the film. For that reason, a black sealed ring is placed on the chain to make the camera light tight. A chain is always sold with the camera and serves no other function than as above-described and "* * * it is absolutely necessary, if you want to take close-up pictures, to have the chain on the camera." Since the camera is too small to build in a rangefinder, the chain acts as a substitute.

On cross-examination, Thayer testified that the chain is detachable from the camera and that the camera has many other uses than for taking closeup pictures. In other words, it will function properly with or without the chain. When asked what was the greatest distance that good pictures could be taken with exhibit 2, the witness replied, "Infinity," although its use as a closeup camera was one of its most important features. The overall measurements of the camera are approximately 3⅛ by 1⅛ by ⅝ inches, and it weighs about 2 ounces and, as stated by the witness, "* * * its big feature is the fact that you can carry it with you in your pocket * * *."

With this factual background, which is not controverted, our problem is to determine whether the chain is a part of the camera.

It is true that when it is imported the chain is attached to the camera and sold with it. However, the chain is detachable and the camera can, and does, function without it. To guide us in our solution of the question before us, we turn to the lodestar in such matters— *United States* v. *Willoughby Camera Stores, Inc.*, 21 C. C. P. A. (Customs) 322, T. D. 46851, which is frequently cited as the leading authority upon the question of what constitutes a "part" of an article. The court there reviewed numerous decisions on the subject and made the following pronouncement:

> It is a well-established rule that a "part" of an article is something necessary to the completion of that article. It is an integral, constituent, or component part, without which the article to which it is to be joined, could not *function as such article.* * * * [Italics quoted.]

The merchandise before the court in the *Willoughby* case consisted of certain wooden tripods, which were held not to be parts of cameras. To quote from the opinion of the court:

> We are of opinion, therefore, that, although it may be necessary to use *tripods* as *supports* for the involved *cameras*, tripods are not, for that reason, integral, constituent, or component parts of such cameras. The most that can be said is that the two articles—a tripod and a camera—are designed to be used together, one as a support for the other, and that they are chiefly so used. [Italics quoted.]

It is not sufficient that two articles may be designed and constructed to be used together to make one a part of the other. In *United States* v. *Kalter Mercantile Co. et al.*, 11 Ct. Cust. Appls. 540, T. D. 39680, the merchandise in controversy consisted of rubber boots, fitted with rubber loops accompanied by leather straps, which could be used to bind them at the feet and ankles. It was held that the boots in combination with the straps did not constitute entireties; that the boots remained boots and the straps remained straps.

In support of its contention that the cameras and chains are entireties, plaintiff cites several cases, notably, *George Scherr Co., Inc.* v. *United States*, 40 C. C. P. A. (Customs) 6, C. A. D. 489, which followed an earlier decision in *Norma Company of America* v. *United States*, 6 Ct. Cust. Appls. 89, T. D. 35338. Those cases are clearly distinguishable from the case at bar, for the following reasons:

In *Scherr*, the merchandise consisted of speed indicators and sets of adjustable tips, and the court held that the involved tips were not surplus or extraneous parts which had an occasional and optional use, but were, in fact, adjustable constituent parts of the speed indicators and indispensable to the performance of the manifold operations for which the indicators were designed. Accordingly, the indicators with their appropriate sets of tips were held to be classifiable as entireties and dutiable as such.

In the *Norma* case, the court held that certain detachable or adjustable parts of a machine tool, which were indispensable to the performance of the manifold operations for which it was designed, were properly parts of a machine tool. The distinction to be drawn, therefore, between those cases and the instant one resides in the circumstance that the indicator tips and the parts of a machine tool were indispensable parts of the articles for which they were designed, whereas, in the case before us, the chains have an optional use and are not indispensable to the operations for which the cameras were designed.

We have examined the other cases cited by plaintiff but, by reason of factual differences underlying them, find it unnecessary to review them here.

Worthy of particular note in connection with the issue here presented is the case of *United States* v. *E. Leitz, Inc.*, 26 C. C. P. A. (Customs) 418, C. A. D. 49, wherein certain photographic rangefinders known as "Fokos" were the subject of controversy as to their proper classification for duty purposes.

An article representative of the importation is described in the decision as follows:

Exhibit 1 is a small, oblong, metal instrument in the front of which, at opposite ends, are small windows. * * * Within the instrument are two prisms, one of which is rotatable, so that the angular relation between the prisms can be changed. * * * The action of the device is such that, for an object any given distance from the point of viewing, there is one angular relation of the prisms which will cause the two images received through the front windows to coincide and appear as one. * * * Upon the wheel above noted, near the periphery thereof, is a series of distance marks, as follows: 2′ 6″, 2′ 9″, 3, 3′ 6″, 4, 5, 6, 7, 8, 10, 12, 15, 20, 30, 50, 10 [100], 300, and infinity. Between the 2′ 6″ mark and the infinity mark, which are adjacent since they are at opposite ends of the scale and the scale forms almost a total circle, is the word "Feet." Upon the case of the instrument, adjacent to said wheel, is a small fixed stud having a diametrical line running toward said wheel. This line is the indicating index which is used with the scale on the wheel in order to read the instrument when it has been focussed on a desired object. * * *

The rangefinder, when used in conjunction with the camera for which it was designed, functions as follows:

* * * the operator selects an object which he desires to have in critical focus; the object is viewed through the range finder as hereinabove described, the adjusting wheel being rotated until a single image is visible. The distance indicated on the wheel is then noted and the operator proceeds to rotate the lens mount collar until the position of the index line thereon registers with the proper distance mark on the lens flange, or, in case of a distance between indications, as closely as he can by judgment approach thereto. Having done so, the camera is focussed for critical focus at the distance of the object to which attention is being directed. It will thus be observed that, in using the range finder in question with the camera, two distinct manual operations are requisite; first, the manipulation of the rotating wheel on the range finder to get the proper

distance indication, and second, the setting of the lens in accordance with that indication.

\* \* \* \* \* \* \*

\* \* \* In fact, the detachable range finder here involved has nothing whatever to do with the functioning of the camera. It is merely an aid to the operator, enabling him to set the lens more accurately than he could do if he relied merely on his judgment of the distance of a given object from the camera. It merely indicates to the operator the distance of the object to be photographed by him; it is convenient to have it mounted on the camera, but not at all necessary. \* \* \*

After reviewing the *Willoughby* case, *supra*, the court stated:

\* \* \* when the range finder here involved and the camera for which it is designed are used together, each "performs its separate function without loss of any of its essential characteristics," and "whether separate or joined, each is complete in itself, each is a distinct and separate commercial entity."

We consider the manner of use of the safety measuring chains in the present case to be analogous to that of the range finders in the *Leitz* case, *supra*, and we are of the opinion that said measuring chains are not integral, constituent, or component parts without which the cameras to which they are to be joined could not function as such articles.

Upon the facts of record and for the reasons above stated, we find and hold that the cameras and chains are not dutiable as entireties and that the chains were properly classified by the collector of customs as articles in chief value of metal, in paragraph 397, as modified, *supra*.

The protest is overruled in all respects, and judgment will issue accordingly.