(C.D. 4345)

REGINALD W. WINTER, A/C PATT ENGINEERING *v.* UNITED STATES

United States Customs Court, Third Division

(Decided March 23, 1972)

*Stein & Shostak* (*Marjorie M. Shostak* and *Leonard M. Fertman* of counsel) for the plaintiff.

*L. Patrick Gray, III*, Assistant Attorney General (*Urban S. Mulvehill*, trial attorney), for the defendant.

Before RICHARDSON and LANDIS, Judges, and ROSENSTEIN, Senior Judge

LANDIS, Judge: This case involves merchandise invoiced as "Pemco Airstones", imported from Denmark and entered at the Los Angeles – Long Beach, California, customs district. The air stones are attached to air pumps and placed in fish tanks to aerate the water.

The sole issue in the case is whether, in the condition imported, the air stones were decorated or not decorated.

Customs classified the air stones under the Tariff Schedules of the United States (TSUS) as mineral substances and articles of mineral substances, not specially provided for, decorated, dutiable under TSUS item 523.94 at 27 per centum ad valorem.

Plaintiff claims that the air stones should be classified as articles of mineral substances, not decorated, dutiable under TSUS item 523.91 at 15 per centum ad valorem.

The record upon which plaintiff purports to sustain the claim, consists of exhibit 1; the unmarked official entry papers; and the testimony of two witnesses, one the customhouse broker who filed the customs entry, and the other, the customs import specialist who classified the air stones as decorated articles.

Exhibit 1, an air stone, is a relatively small cylinder-shaped article which measures one inch in height and ten-sixteenths of an inch in diameter. Attached to the cylinder is a short piece of clear plastic tubing of the kind commonly used with air pumps for fish tanks. The plastic part attaches to the tube of the air pump. Exhibit 1 is concededly in a colored condition but the color is not stated of record for the reason, we suppose, that the color cannot be identified by the name of any commonly known color. The official papers indicate that 2,520 dozen of the air stones were imported. While the testimony supports that the air stones were imported in various colors, the number of different colors is not established of record. The customs laboratory report, part of the official papers, states that the transparent tube part of the air

stone sent to the laboratory is composed of cellulose type plastic, and the colored mineral part of the sample is composed mainly of the oxides of silicon, zirconium and iron, with no synthetic resin.

Mr. Reginald W. Winter, the customhouse broker, testified that he had used air stones in his own fish tanks, and seen them used in aquarium shops, that the plastic tube part of the air stone is connected to the tube of the air pump; that he placed the air stones he used at the bottom of the fish tank, usually in the fashion he has seen them placed in aquarium shops, that is, obscured behind a piece of the foliage placed in the fish tank with other decorative artifacts such as plastic models of ships, and small wooden chests to give the illusion of a sea bottom. Mr. Winter further stated that, in his opinion, air stones were not decorative articles.

On cross-examination, Mr. Winter testified that he had seen colored sands in fish supply stores of the same color as the air stones and stated that he was not familiar with the process by which air stones were made, or with silicon, zirconium or iron, or the colors of those mineral substances.

Customs Import Specialist Raymond H. Bucher testified that he classified the imported air stones as decorated, based on their color; that he was not familiar with and did not know by what process the air stones became colored; that he was familiar with the fact that mineral substances are "fired"; that the firing brings out "certain color that may not be there before"; that "the mineral substance would determine, in some amount, the end color after firing", and that he did not know whether the color of exhibit 1 could be attributed to something which occurred before or after firing.

Plaintiff would have us hold that the record overcomes the presumption of correctness attaching to the customs classification of the air stones as "decorated", *Atlantic Aluminum & Metal Distributors, Inc.* v. *United States*, 47 CCPA 88, C.A.D. 735 (1960); *United States* v. *John A. Steer Co.*, 46 CCPA 132, C.A.D. 715 (1959), upon argument that in the tariff sense, as defined by the courts, the color of the air stones "does not rise to the dignity of a decoration". Statements in briefs unsupported by the record are not proof. *Mader & Co. et al.* v. *United States*, 63 Cust. Ct. 370, 376, C.D. 3921 (1969); *Tropi-Cal* v. *United States*, 63 Cust. Ct. 518, 521, C.D. 3945 (1969). Exhibit 1, on which plaintiff relies, may have some evidentiary value but the exhibit, which is colored, does not prove that the air stones are not decorated. Indeed, exhibit 1 is not even shown to be representative or illustrative of the 2,520 dozen imported air stones, as to color. Defendant refused plaintiff's request to stipulate that exhibit 1 was representative of the merchandise in issue. The weight of exhibit 1 is, therefore, subject

to question and the probative value of the exhibit, if it has any, is only marginal.

The relevance of color in the tariff sense of the terms "decorated" and "not decorated" was considered by the court of appeals in *United States* v. *N. M. Albert Co. et al.*, 41 CCPA 191, C.A.D. 549 (1954). The merchandise in *N. M. Albert* consisted of agates, *inter alia*, partially dyed for ultimate use as articles of black onyx jewelry. Upon issue of whether or not the partial dyeing of the agate before importation constituted it an article of mineral substances, decorated, or not decorated, under paragraph 214 of the Tariff Act of 1930, the court of appeals stated and held:

> In the case of *Upsal Street Realty Co.* v. *Rubin*, 326 Pa. 327 it was held that to "decorate" means to increase in beauty by the addition of something becoming or beautiful. "Recourse to dictionary definitions indicates that to bring an article within the meaning of the term 'decorated' or 'ornamented,' it must be increased in beauty by the addition of something becoming or ornamental. (Webster's New International Dictionary, 2d Edition, 1948; New Century Dictionary, Vol. 1, 1946 Edition.)" *Will & Baumer Candle Co., Inc.* v. *United States*, 21 Cust. Ct. 149, C.D. 1146.

> In the case of *United States* v. *L. Straus & Co.*, 168 F. 569, 570 (17 Treas. Dec. 266, T.D. 29648) it was held that the addition of a single color glaze to earthen ware was a decoration.

> We do not think the case of *G. W. Thurnauer & Bro.* v. *United States*, 159 Fed. 122, cited by appellee, is in point here. In that case the importation was small round china cooking and serving dishes in which eggs, macaroni and cheese were cooked over the fire or in the oven and are then served in the dishes upon the table. The dishes were white with the exception that they were irregularly colored brown upon their sloping undersides. The testimony in the case showed that the coloring was put on to conceal smoke and finger marks and the court held that merely adding color to the white china for utilitarian purposes does not make them decorated china.

> In the case of *Armand Schwab & Co., Inc.* v. *United States*, 32 C.C.P.A. (Customs) 129, C.A.D. 296, which involved partially bleached hats, it was held that the word "bleached," when used in a paragraph without any degree of bleaching being set forth, that a substantial degree of bleaching is sufficient. We think the same reasoning should be applied with respect to the word "decorated" as found in paragraph 214, *supra*.

> We think the dyeing of the agate, so as to make it 100 per cent black, which requires it to remain in the dye six weeks, is a decoration, and that the partial dyeing of the agate, which requires it to remain in the dye for from two to three weeks, is a substantial partial decoration and is an addition to the agate of something becoming which to a substantial degree enhanced the beauty of the

agate towards its ultimate use as black onyx in the manufacture of jewelry.

For the reasons hereinbefore stated we hold that the imported agate was properly assessed by the collector at 20 per centum ad valorem as earthy or mineral substances, partially manufactured, and decorated. [41 CCPA, pages 194–195.]

There is no factual evidence in this case which establishes that the imported air stones are "not decorated". Plaintiff's proofs do not, in our opinion, overcome the presumption of correctness attaching to the customs classification of the air stones as articles of mineral substances, "decorated".

The protest is overruled. Judgment will be entered accordingly.