had been previously judicially determined not to be dutiable either directly or by similitude under any of the "enumerated" provisions of the tariff act. Consequently, that case is not authority on the question presented in this case.

In the brief filed in behalf of plaintiff, its counsel makes one further point which we believe should be referred to. On page 7 of the brief, counsel states—

* * * It has been stipulated that the charcoal grey garments contain less than 1% carbon and are no longer being classified by the Collector as articles in part carbon under Paragraph 216 (R. 10, 11). No further discussion is therefore necessary with respect to this issue.

The stipulated fact that on current importations of charcoal-grey synthetic rubber rainwear the collector has adopted a classification different from that which he made in the cases at bar does not constitute evidence tending to establish the correctness of either classification, nor does it constitute anything which would take the place of such evidence, such as an admission or concession, which the court might consider as disposing, or tending to dispose, of the issue before it. *Ucagco, Inc.* v. *United States,* 45 Cust. Ct. 168, C.D. 2219.

Counsel has not elaborated upon the reference to the the fact that the charcoal-grey garments contain less than 1 per centum of carbon. Possibly, it was the intent to invoke the *de minimis* rule. If that was the intent, we are of the opinion that the rule is not applicable in this case. Certainly, if the amount of carbon in the articles was sufficient to achieve the purpose which was sought by its inclusion, i.e., the coloring of the articles, it could not be disregarded as trifling and having no effect upon the classification of the articles. *Varsity Watch Co.* v. *United States,* 34 C.C.P.A. (Customs) 155, C.A.D. 359. Compare *Canada Dry Ginger Ale, Inc.* v. *United States,* 43 Cust. Ct. 1, C.D. 2094.

In view of the concession made by the defendant with respect to the articles of colors, other than charcoal grey or black, judgment will issue sustaining the protest claim in each case with respect thereto. In all other respects and as to all other merchandise, the protests are overruled.

Judgment will issue accordingly.

BEFORE THE FIRST DIVISION, JULY 16, 1962

No. 66911.—Old Importers, Inc. *v.* United States, protests 61/1821 and 61/3145 (New York).

Opinion by OLIVER, C.J. In accordance with oral stipulation of counsel that the items in question are not toys; that they are "chiefly used as party favors, at showers, at weddings, and as table decorations for novelty purposes"; and that they are similar in use to articles "composed of cellulose acetate or compounds, or combinations or mixtures containing cellulose acetate which are made into finished or partly finished articles," the claim of the plaintiff was sustained.

No. 66912.—Specialty Importers, Inc. *v.* United States, protest 270344–K (New York).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise consists of fishing reels with two spools similar in all material respects to those the subject of *United States* v. *Charles Garcia & Co., Inc.* (48 C.C.P.A. 140, C.A.D. 780), the claim of the plaintiff was sustained.

**No. 66913.**—Impecco, Ltd. *v.* United States, protests 284884–K and 303859–K (Portland, Oreg.).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise consists of fishing reels with two spools similar in all material respects to those the subject of *United States* v. *Charles Garcia & Co., Inc.* (48 C.C.P.A. 140, C.A.D. 780), the claim of the plaintiff was sustained.

**No. 66914.**—Charles R. Gracie & Sons, Inc. *v.* United States, protest 60/29241 (New York).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise consists of Shoji panels similar in all material respects to those the subject of *United Enterprises et al.* v. *United States* (41 Cust. Ct. 73, C.D. 2023), the claim of the plaintiff was sustained.

**No. 66915.**—Novelty Import Co., Inc. *v.* United States, protest 61/16997 (New York).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise consists of plastic back scratchers the same in all material respects as those the subject of *Ignaz Strauss & Co., Inc., et al.* v. *United States* (45 Cust. Ct. 161, C.D. 2218), the claim of the plaintiff was sustained.